UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTHUR GRANADO and VICTORIA GRANADO,<br><br>                   *Plaintiffs,*<br>  v.<br><br>BRYAL EXPRESS LLC,<br><br>                   *Defendant.* | Civil Action No. 20-8884 (KSH) (CLW)<br><br>**ORDER OF DISMISSAL** |

      In this action, plaintiffs sought damages for a motor vehicle accident that occurred in 2017. The action was removed here from state court on July 14, 2020. (D.E. 1.) On August 9, 2021, after months of plaintiffs' counsel failing to attend conferences scheduled by the Court and failing to comply with orders, Magistrate Judge Waldor issued a report and recommendation recommending that the Court dismiss the action for failure to prosecute pursuant to L. Civ. R. 41.1. (D.E. 23.) No party filed objections to the report and recommendation. This Court issued an order on October 13, 2021, alerting plaintiffs of its intent to adopt the report and recommendation and to dismiss the case pursuant to L. Civ. R. 41.1(a), Fed. R. Civ. P. 41(b), and *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), directing the mailing of notice directly to plaintiffs of the intended action, and affording plaintiffs an opportunity to show cause by November 3, 2021 why the case should not be dismissed. No response was forthcoming.

      In this circuit, the *Poulis* factors govern whether a case should be dismissed under Rule 41(b). They examine "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Poulis v. State Farm*

*Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).  Here, those factors point to one conclusion: dismissal is appropriate.

The first factor favors dismissal.  Although plaintiffs had counsel, and counsel's conduct at least in part gave rise to the report and recommendation,[1] they were personally noticed of the Court's intent to dismiss this case for the failures to comply with court orders, among other conduct.  Even after the deadline to object to the report and recommendation had long passed, the Court afforded plaintiffs themselves an additional three weeks to explain why dismissal would not be appropriate and received no response.

The second and third factors strongly favor dismissal.  This matter has been pending in this Court for well over fifteen months with no substantive progress.  Despite the entry of a scheduling order, there has been no discernable development of the case, including compliance with discovery deadlines.  The defendant cannot prepare its defense without access to information and without any insight into how, or whether, plaintiffs intend to litigate.  *See Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 134 (3d Cir. 2019) (prejudice factor examines such considerations as the loss of evidence, fading witness memories, and whether the adversary has been hampered in preparing "'a full and complete trial strategy'" (citation omitted)); *Adams v. Tr'ees of the N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994)

---

[1] As set forth in this Court's October 13, 2021 order, counsel's inconsistent participation in this action included "(i) failing to update his address in this Court's records, contrary to L. Civ. R. 10.1(a), resulting in mailed copies of docket entries issued by the Court being returned as undeliverable; (ii) failing to comply with an order that he update his contact information to reflect an e-mail address until approximately six months after that order was issued; the lack of e-mail address being the reason that the Clerk's Office was required to mail paper copies in the first place; (iii) failing to attend scheduled teleconferences before Magistrate Judge Waldor on at least three occasions; and (iv) failing to respond to two orders to show cause issued by Magistrate Judge Waldor requiring an explanation for the failure to comply with multiple court orders and to participate in this litigation generally, which also warned of the risk of dismissal for noncompliance."  (D.E. 24 (internal citations omitted).)

(prejudice includes deprivation resulting from non-cooperation with discovery).  Moreover, the docket is marked by dilatoriness; even a ministerial order directing plaintiffs' counsel to provide an email address so he could receive notices went unheeded for approximately six months.

The fourth factor favors dismissal; although the record does not indicate bad faith, the silence in response to numerous orders and failure to attend multiple conferences despite having notice of them is indicative of willful or intentional conduct.  As to alternative sanctions, there is no basis for the Court to conclude that sanctions short of dismissal would be feasible or effective.  Missed conferences were rescheduled multiple times, without compliance.  Judge Waldor's July 21, 2021 order (D.E. 22) requiring an explanation by August 5, 2021 for plaintiffs' dilatory conduct and noncompliance, which warned that a recommendation of dismissal would be made absent compliance with the order, also went ignored.  There is no indication that costs could be shifted, for example, or that an adverse evidentiary instruction could be employed where there is no indication of how, or even that, plaintiffs intend to pursue their claim.

Finally, the sixth factor is directed to the meritoriousness of the claims using the pleadings standard.  Spanning all of two pages, the complaint allegations are that on June 19, 2017, an unidentified driver for defendant Bryal Express was driving on Route 95N to Route 295 East in Hudson County, as was plaintiff Arthur Granado, with plaintiff Victoria Granado as his passenger, and that due to some unidentified negligence of the Bryal driver, plaintiffs were injured.  (D.E. 1-1, Compl. ¶¶ 1-3.)  This is the epitome of pleading "unadorned, the defendant-unlawfully-harmed-me accusations" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which is insufficient to withstand dismissal under Fed. R. Civ. P. 12(b)(6).  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**NOW, THEREFORE, IT IS,** on this 18th day of November, 2021,

**ORDERED** that the report and recommendation (D.E. 23) is ADOPTED; and it is further

3

**ORDERED** that this action is **DISMISSED** without prejudice and without costs; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this order upon the following persons by regular mail:

| | |
|---|---|
| Arthur Granado<br>303 3rd Street<br>Elizabeth, NJ 07206 | Victoria Granado<br>303 3rd Street<br>Elizabeth, NJ 07206 |
| Josue Jean Baptiste, Esq.<br>Jean Baptiste & Associates, LLC<br>892 Broad Street, Second Floor<br>Newark, NJ 07102 | Josue Jean Baptiste, Esq.<br>Jean Baptiste & Associates, LLC<br>408 Clifton Avenue, Ground Floor<br>Clifton, NJ 07011 |

The Clerk of the Court is directed to close this case.

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J